UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAPE JASMINE COURT TRUST,<br><br>                       Plaintiff,<br><br>v.<br><br>CENTRAL MORTGAGE COMPANY, *et al.*,<br><br>                       Defendants. | Case No. 2:13-cv-01125-APG-CWH<br><br>**ORDER REMANDING TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

      This action originally was filed in Nevada state court. (Dkt. #1-3.) The complaint contains no allegations regarding the citizenship of plaintiff Cape Jasmine Court Trust or of any of the defendants. Defendant Central Mortgage Company removed the case to this court based on diversity jurisdiction. In its removal petition, Central Mortgage asserted that Cape Jasmine is a Nevada citizen. However, Central Mortgage does not present any factual support for that statement, nor does it address the citizenship of Cape Jasmine's members. *See Americold Realty Trust v. Conagra Foods, Inc.*, --- S. Ct. ----, 2016 WL 854159, at *3-5 (Mar. 7, 2016) (stating that for diversity purposes, an unincorporated entity "possesses its members' citizenship" and that may include trusts that are unincorporated entities capable of suing and being sued in their own names under applicable state law).

      Central Mortgage's removal petition also does not address the citizenship of defendants Evelyn David, Rachel Rivera, or Maria Pablico, nor does it address the fact that these defendants were served but did not consent to removal. Central Mortgage suggests these defendants were fraudulently joined, but it does not state why the former owners of the property are not proper defendants where Cape Jasmine seeks to extinguish all prior interests in the property through this quiet title action. As the party seeking to invoke this court's jurisdiction, Central Mortgage bears the burden of establishing jurisdiction exits. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Consequently, I ordered defendant Central Mortgage Company to show cause on or before March 18, 2016 why this action should not be remanded to state court for lack of subject matter jurisdiction. (Dkt. #36.) I further advised that if Central Mortgage did not file a response by that date, the case will be remanded. Central Mortgage did not file a response. I therefore remand this action to Nevada state court due to a lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED THIS 23rd day of March, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE